NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOSES LEE SMITH,

    Plaintiff,

v.

ESSEX COUNTY DIVISION OF WELFARE,
NEWARK PUBLIC WELFARE,

    Defendants.

Civil Action No.: 15-2511 (JLL)

OPINION

**Linares**, District Judge.

This matter comes before the Court by way of a motion to dismiss *Pro se* Plaintiff Moses Lee Smith's Amended Complaint, filed by Defendant Essex County Division of Welfare (the "Division"). (ECF No. 25). On February 8, 2016, Plaintiff filed an opposition to the Division's motion to dismiss. (ECF No. 28).[1] Pursuant to Federal Rule of Civil Procedure 78, the Court decides this motion without oral argument. For the reasons stated herein, the Court grants the Divison's motion to dismiss Plaintiff's Amended Complaint.

## BACKGROUND

Plaintiff filed the instant action in New Jersey Superior Court on or around March 10, 2015, alleging claims only against the New Jersey Department of Human Services (the "NJ DHS"). (ECF No. 1-1). On August 5, 2015, the undersigned issued an Order dismissing the NJ DHS from this action as the NJ DHS is not a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

---

[1] In its February 16, 2016 Order, this Court noted that while Plaintiff's February 8, 2016 submission is labeled as a "Reply/Objection to allowance of extended time to defense after their time to answer the complaint has expired," it is more properly construed as an opposition to the Division's motion to dismiss. (ECF No. 30).

1

(ECF No. 14). The Court permitted Plaintiff the opportunity to amend his Complaint to "name proper defendants as afforded [to] him by law." (Id.). Plaintiff filed the operative Amended Complaint on August 24, 2015, this time naming Essex County Division of Welfare and Newark Public Welfare as Defendants. (ECF No. 15, Amended Complaint, "Compl."). The Amended Complaint states, in its entirety:

> Plaintiff and his three children were denied Due Process and Equal protection of law by defendants which also resulted in Intentional infliction of Emotional Distress, Fraudulent Misrepresentation of documents that were used to impeded and then deny plaintiff and his three children state benefits which included Medicaid, grant monies and state resource for homeless.

(Compl. at 1).

On January 25, 2016, the Division filed the instant motion to dismiss Plaintiff's Amended Complaint on account of Plaintiff's failure to exhaust administrative remedies and failure to state a claim for relief, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (ECF No. 25-2, "Def.'s Mov. Br." at 1). Plaintiff has opposed this motion. (ECF No. 28, "Pl.'s Opp. Br.").

## LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the Court has "a special obligation to construe his complaint liberally." *See Higgs v. Atty Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (quotations omitted). That said, even a *pro se* litigant's Complaint is subject to dismissal if a Court, after liberally construing same, finds that the plaintiff has not met the threshold pleading standards outlined by the Federal Rules of Civil Procedure and case law. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) . . . counsel[s] dismissal.").

Dismissal under Rule 12(b)(6) is particularly appropriate where, as in this case, a plaintiff fails to exhaust all administrative remedies available to him prior to filing suit. *See Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.") (citing *McKart v. United States,* 395 U.S. 185, 193 (1969)).

## ANALYSIS

Plaintiff's claims arise out of the Division's denial of "state benefits which included Medicaid, grant monies and state resources for the homeless." (Compl. at 1). Stated differently, Plaintiff appears to be seeking an appeal of the Division's denial of state benefits to which he believes he is entitled.

In New Jersey, "whenever under statute or agency rule there is a mode of administrative review within an agency, such review shall remain unimpaired and any judicial review shall be from the final action of the agency." N.J.S.A. 52:14B-12. However, "an agency action does not become

3

final until all avenues of internal administrative review of have been exhausted." *Bouie v. N.J. Dep't of Community Affairs*, 407 N.J. Super 518, 527 (N.J. Super. Ct. App. Div. 2009); *see also* R. 2:2-3(a)(2) (providing that all final state administrative agency's decisions are appealable as of right).

The administrative review regulations with respect to public assistance programs in New Jersey are outlined in the New Jersey Administrative Code. N.J.A.C. §§ 10:90-9.1 to 9.17. Specifically, an applicant of welfare benefits who has been denied same "by an action of a county . . . agency [is] to be afforded a fair hearing in a manner established by the rules in this subchapter" before an impartial Administrative Law Judge. N.J.A.C. § 10:90-9.3. The Director of the Division of Family Services then reviews the ALJ's decision and issues a final agency decision. N.J.A.C. 10:90-9.16. Only after a public welfare applicant has secured the Director's final decision may the applicant seek redress from a Court. However, the proper avenue for appeal of final agency decisions is the Appellate Division of the New Jersey Superior Court. R. 2:2-3(a)(2).

Despite the numerous review opportunities that the State of New Jersey has provided for state benefit applicants, Plaintiff's Complaint is barren of any evidence that he attempted to appeal the Division's denial of certain benefits. Accordingly, this matter is properly disposed of on account of Plaintiff's failure to exhaust his administrative remedies at the State level.

Moreover, Plaintiff cannot escape the exhaustion requirement by attempting to plead a constitutional violation—namely, that the denial of benefits violated his family's rights to "due process and equal protection." (Compl. at 1). Indeed, "[t]he mere allegation that a constitutional issue is involved does not relieve plaintiffs of the exhaustion requirement. To avoid this requirement, plaintiff must demonstrate not only that the constitutional question is colorable, but that the matter contains no factual questions which require administrative determination." *Brunetti*

4

*v. Borough of New Milford*, 68 N.J. 576, 590 (1975). Plaintiff has demonstrated neither of these requirements. Therefore—and particularly where it appears that Plaintiff is merely seeking to appeal the Division's denial of benefits—Dismissal of Plaintiff's Complaint is warranted.

Even if Plaintiff could demonstrate that he is not required to exhaust the administrative remedies he is entitled to under the laws and regulations of the State of New Jersey, this Court would dismiss Plaintiff's Complaint for failure to state a claim. As Plaintiff alleges violations of "due process and equal protection of law," the Court would construe Plaintiff's Complaint as seeking relief under 42 U.S.C. § 1983. To assert a claim under the statute, a plaintiff must show that he was a deprived of a federal constitutional or statutory right by a state actor. *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). When evaluating the merits of a Section 1983 claim, the Court must identify the contours of the underlying right Plaintiff claims was violated and determine whether Plaintiff has properly alleged a violation of that right. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

The Court agrees with the Division that Plaintiff's one-sentence Complaint, recited above, "patently fail[s] to provide any facts to support a plausible claim that a state actor, acting under color of state law deprived plaintiff of any rights secured by the United States Constitution or federal law or that such a denial was made in contravention of any state law or entitlement." (Def.'s Mov. Br. at 6).

For these reasons, the Court will grant the Division's motion to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies and failure to state a claim.

## CONCLUSION

For the reasons stated herein, the Court grants the Division's motion to dismiss Plaintiff's Amended Complaint. An appropriate Order accompanies this Opinion.

5

IT IS SO ORDERED.

DATED:   March 8, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

6